# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAUREN DEWALT**<br>602 Parkview Drive<br>Phoenixville, PA 19460<br><br>*Plaintiff,*<br><br>vs.<br><br>**ALLIANCE PHARMA INC.**<br>17 Lee Boulevard<br>Malvern, PA 19355<br><br>*Defendant.* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby files this Complaint against Defendant.

## INTRODUCTION

1. Plaintiff initiates this action to seek redress against Defendant for unlawful violations of Title VII of the Civil Rights Act ("Title VII") and other applicable law.

## PARTIES

2. Plaintiff is Lauren Dewalt, an adult individual currently residing at the above address.

3. Defendant, Alliance Pharma Inc., is a contract research organization specializing in drug metabolism and pharmacokinetics, and bioanalytical services.

4. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or her job duties.

5. Defendant is an "employer" within the meaning of Title VII because it is engaged in an industry affecting interstate commerce and because they maintain or maintained fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

6. Defendant also maintains sufficient employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

## JURISDICTION and VENUE

7. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

8. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

9. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

### PROCEDURAL and ADMINISTRATIVE REMEDIES

12. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

13. Plaintiff has satisfied the procedural and administrative requirements for proceeding with an action under Title VII.

14. Plaintiff filed a timely written charge of discrimination with the Philadelphia Office of the Equal Employment Opportunity Commission alleging discrimination on or about January 14, 2021 (No. 530-2021-01498).

15. Plaintiff's complaint was cross-filed with the Pennsylvania Human Relations Commission.

16. The instant action is timely because it is initiated within ninety ("90") days after the issuance of a Right to Sue letter from the EEOC dated January 19, 2021.

17. Plaintiff has exhausted her administrative remedies as to the allegations of the instant Complaint.

### FACTUAL BACKGROUND

18. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

19. Plaintiff worked for Alliance Pharma Inc. ("Alliance") from November 26, 2018 until her departure on April 10, 2020.

20. After Plaintiff received new responsibilities of Head of Sample Management and Archivist in February 2020, she requested a meeting Feng "Frank" Li ("Li"), the President and CEO of Alliance.

21. In that meeting, which occurred on March 20, 2020, Plaintiff requested a salary increase, commensurate to both her new responsibilities and to the salary which both of her predecessors, one male and one female, without children, had received.

22. At that time, Plaintiff's salary was $34,000.

23. Plaintiff requested an annual salary of $40,000.

24. Plaintiff understood that a salary of $40,000 would still be approximately $10,000 less than her two predecessors.

25. When Plaintiff went to the meeting to discuss a salary raise, both Li and Stacie Shaffer, Human Resources Representative, were present.

26. Li asked Plaintiff what salary she was looking to receive.

27. Plaintiff stated that given her new job responsibilities, on top of already being the Controlled Substance Officer, Sample Coordinator, and assisting with Business Development Department creating event flyers and social media graphics, she felt that she was deserving of an annual increase of $6,000 totaling $40,000 per year.

28. Plaintiff, however, stated she was open to discussion.

29. Li's demeanor immediately changed and his tone became threatening.

30. Li began berating Plaintiff, calling her a "chair," and stating that in order to get a raise she needed to be a "table."

31. Li also told Plaintiff that because she had children and that her fiancé also worked for Alliance, he had already been "so generous" as to give her more than she deserved and she should be happy with what she was given.

32. Plaintiff understood Li to say that she, Plaintiff, should be happy without a raise and if she continued to ask for additional compensation for her additional duties, he would take away not only her job but her fiancé's as well.

33. Li then continued to call her a chair several more times.

34. Li also said that "sometime in the future" she could receive a raise if she had proven herself competent enough to perform the job responsibilities that he had already assigned her and that she was already actively performing.

35. Plaintiff gave her two-week notice several days after the salary negotiation.

36. Li immediately stripped Plaintiff of any and all responsibilities aside from "Sample Coordinator," stripped her of certain building accesses, and her last day of work was April 10, 2020.

37. Li then fired her fiancée, Christopher Sullivan, without notice or reason on April 29, 2020.

## COUNT I
### Title VII Violations

38. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

39. Plaintiff is a member of a class protected under Title VII because she is a woman.

40. Plaintiff was well-qualified for her position because she performed it in an exemplary manner.

41. Plaintiff suffered an adverse employment action in the form of not being given a raise equal to a man and a woman without children.

42. Defendant's refusal to pay Plaintiff in accordance with her predecessors occurred under circumstances giving rise to an inference of discrimination because she is a woman with two young children.

43. Plaintiff suffered damages due to this intentional discrimination.

44. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her gender.

45. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

## COUNT II
### Equal Pay Act Violations

46. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

47. Defendant's employees of the opposite sex were paid differently for performing "equal work" or work of substantially equal skill, effort, and responsibility, under similar working conditions.

48. The same constitutes a violation of federal law.

49. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

## COUNT III
### Pennsylvania Human Relations Act ("PHRA")

50. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

51. Defendant violated the PHRA by its discriminatory actions against Plaintiff.

52. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein.

## COUNT IV
### The Fair Pay Act

53. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

54. Plaintiff suffered an unlawful employment practice with respect to discrimination in compensation.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court enter judgment in her favor and against the Defendant and that it enter an Order as follows:

  a. Defendant is to be permanently enjoined from engaging in discrimination against Plaintiff on any other basis prohibited under applicable law;

  b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of permitting discrimination and retaliation in the workplace, and is to be ordered to promulgate an effective policy against such harassment and discrimination and to adhere thereto;

  c. Defendant is to be prohibited from continuing to maintain its unlawful policy, practice, or custom of discriminating against employees and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

  d. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay,

salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority to the extent applicable and available as a matter of law. Plaintiff should be accorded those benefits illegally withheld from the date Plaintiff first suffered discrimination at the hands of Defendant or its agents until the date of verdict;

e. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions to the extent they are available as a matter of law;

f. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

g. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

h. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

i. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law and to reflect the tax consequences thereof;

j. Plaintiff is to be granted such additional injunctive or other relief as may be requested during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging – in unlawful retaliation against Plaintiff or other witnesses to this action;

k. Plaintiff is to awarded costs and attorneys' fees as appropriate;

l. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

Respectfully submitted,

KOLMAN LAW, P.C.

/s/ Timothy M. Kolman
Timothy M. Kolman, Esquire
Sarah A. Biscoe, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(215) 750-3134
*Attorneys for Plaintiff*

Dated: March 5, 2021